UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JOSEPH VELSON,<br><br>               Plaintiff,<br>  v.<br>AMERICAN PRESIDENT LINES, LTD.,<br><br>               Defendant.<br>_____/ | No. C 12-3942 MEJ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**Re: Docket No. 11** |

**INTRODUCTION**

This action concerns the alleged breach of an employment agreement between Plaintiff Joseph Velson and Defendant American President Lines, Ltd. (APL). Now before the Court is the Motion to Dismiss filed by APL on September 27, 2012. Dkt. No. 11. The Court finds this motion suitable for disposition without oral argument and VACATES the November 1, 2012 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court DENIES APL's motion for the reasons set forth below.

**BACKGROUND**

On or about June 1, 1978, Velson and APL entered into a written employment agreement where he agreed to work no less than 37.5 hours per week and APL agreed to pay for his services. First Amended Complaint (FAC) ¶ 4, Dkt. No. 6. Velson continuously worked for APL until March 31, 2012, at which time he was APL's Director of Business Information Systems based in Singapore, earning an annual salary of $204,840, exclusive of fringe benefits. *Id.* ¶ 6.

In December 2009, Velson entered into another written agreement with APL pursuant to APL's expatriation policy. *Id.* ¶ 7. According to the policy, at the end of a specified period outside the country, APL had the option of offering Velson an available comparable position at the business location from which he departed. *Id.* If Velson rejected the position offered by APL at the end of the

assignment, APL would consider Velson as voluntarily resigning from APL. *Id.* On the other hand, if there was no available position at the departure location, APL could terminate Velson's employment. *Id.* The December 2009 agreement provided that Velson would be assigned to Singapore as of January 1, 2010, for a period of two years. *Id.* ¶ 9.

In September 2011, Velson expressed his desire to return to a comparable position in Oakland, California, when his assignment ended. *Id.* ¶ 12. As part of this notice, Velson informed APL's managerial employees that he was unwilling to accept a position which would require the expenditure of substantial time in Singapore and would not accept a position which would require full-time employment there. *Id.* ¶ 13.

On February 24, 2012, APL offered Velson a team leader position in Oakland. *Id.* ¶ 14. Velson states that this position "was described as one that would during the second half of the year 2012 require the person in said position to spend substantial time in Singapore and would be a full time position in Singapore in the year 2013." *Id.* Velson alleges that APL knew he would not accept the position if it resulted in an assignment to Singapore for an extended period. *Id.* ¶ 15. Velson further alleges that, at the time APL offered him this position, APL knew it would be eliminated at some time in the future as part of its business plan. *Id.* Velson alleges that APL concealed this fact for the purpose of inducing him to refuse the position, the consequence of which would be a determination that he had resigned his employment. *Id.* ¶ 16.

On February 28, 2012, Velson rejected the position. *Id.* ¶ 17. Velson's employment was subsequently terminated on March 31, 2012. *Id.* Velson alleges that on March 19, 2012, APL announced the elimination of the position it offered him. *Id.* ¶ 28.

On July 26, 2012, Velson filed this action against APL, alleging one count of breach of the covenant of good faith and fair dealing and one count of fraud. Dkt. No. 1. He filed his FAC on September 5, 2012. Dkt. No. 6. In the FAC, Plaintiff split the covenant claim into two claims for breach of the covenant (Counts I and III) and the fraud claim into two claims for fraud (Counts II and IV).

On September 27, 2012, APL filed the present motion to dismiss pursuant to Federal Rule of

2

Civil Procedure (Rule) 12(b)(6), arguing that Velson fails to state claims upon which relief can be granted because (1) a claim for breach of the covenant of good faith and fair dealing (Counts I and III) does not give rise to obligations beyond those agreed to in the contract; and (2) a claim for fraud (Counts II and IV) requires plausible allegations of reliance and injury under Rule 9(b) and California state law.  Def.'s Mot. at 1.  Velson filed an Opposition on October 10, 2012.  Dkt. No. 13.

## LEGAL STANDARD

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**ANALYSIS**

**A.     Breach of the Covenant of Good Faith and Fair Dealing**

In his first and third causes of action, Velson alleges that APL intentionally concealed that the position it offered to him had been eliminated for the purpose of inducing him to refuse the position. FAC ¶ 16. Velson states that, had he known these facts, he would not have rejected the position. *Id.* ¶ 18. Velson alleges that the parties' employment agreement gave rise to an implied covenant of good faith and fair dealing "whereby each party covenanted and agreed to do nothing to deprive the other of the benefit of the bargain made." *Id.* ¶ 19. By concealing the fact that the position had been eliminated, Velson contends that APL breached this covenant. *Id.* ¶ 20.

In its motion, APL argues that Velson's allegations do not support a claim for breach because the covenant cannot impose substantive duties on the parties beyond the terms of the contract. Def.'s Mot. at 4. Specifically, APL argues that it merely exercised its legal rights under the expatriation agreement, under which APL could offer Velson an available position and, if Velson rejected the position, the rejection was considered a voluntary resignation; if a position was not available, APL could then terminate Velson's employment. *Id.* at 5. Because Velson rejected the position offered, APL argues that it properly terminated him under the agreement. *Id.*

In response, Velson argues that the purpose of the covenant of good faith and fair dealing is to prevent one party from frustrating the other party's right to receive the benefit of the bargain actually made. Pl.'s Opp'n at 3. By concealing the pending elimination of a position offered to him with knowledge that he would reject it, Velson argues that APL violated the purpose of the covenant. *Id.*

California law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Wolf v. Walt Disney Pictures and Television*, 162 Cal.App.4th 1107, 1120 (2008). Breach of an express contractual provision is not a necessary prerequisite to a claim for breach of the implied covenant. *Brehm v. 21st Century Ins. Co.*, 166 Cal.App.4th 1225, 1235-36 (2008). Rather, "the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the

express covenants) frustrates the other party's rights to the benefits of the contract." *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 1153 (1990). "The precise nature and extent of the duty imposed will depend on the contractual purposes." *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal.3d 809, 818 (1979).

Based on this legal framework and the facts alleged in his FAC, the Court finds that Velson has stated a plausible claim for breach of the implied covenant of good faith and fair dealing. Velson has alleged that he had a written agreement with APL, according to which, at the end of a specified period outside the country, APL had the option of offering Velson an available comparable position at the business location from which he departed. FAC ¶ 7. If Velson rejected the position offered by APL at the end of the assignment, APL would consider Velson as voluntarily resigning from the Company. *Id.* On the other hand, if there was no available position at the departure location, APL could terminate Velson's employment. *Id.* Therefore, APL had a duty to execute the agreement's purposes in good faith.

Velson alleges that APL breached this agreement by offering him a position which had been eliminated, but concealing this fact from him in an effort to frustrate his right to the benefits of the agreement. *Id.* ¶¶ 7, 18. Such conduct could violate the implied covenant of good faith and fair dealing even if it does not violate the literal terms of valid contracts, as it could frustrate Velson's rights to the benefits for which he contracted. The exact nature and scope of this duty is a factual inquiry and is based on the purposes of the contract, the express terms of the contracts, and the reasonable expectations of all parties. Thus, under the Rule 12(b)(6) standard, the Court finds that Velson's claim has facial plausibility because it allows the Court to draw the reasonable inference that APL is liable for the misconduct alleged. Even though the facts may eventually show that APL did not violate the implied covenant of good faith and fair dealing, Velson's FAC contains sufficient facts to state such a claim at this stage of the litigation. APL's motion to dismiss this claim is therefore DENIED.

**B.  Fraud**

In his second and fourth causes of action, Velson alleges that APL intentionally concealed that the position it offered to him had been eliminated, and did so with the intent to induce Velson to

5

1 relinquish his employment. FAC ¶ 23. As a result of this concealment, Velson alleges that he relied
2 on APL's representation and therefore lost employment benefits. *Id.* ¶ 37.

3       In its Motion, APL argues that Velson cannot state a claim for fraud because he rejected the
4 position and is therefore unable to establish reliance. Def.'s Mot. at 6.

5       To state a cause of action for fraud, a plaintiff must allege "(a) misrepresentation (false
6 representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to
7 defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v.*
8 *Permanente Med. Group, Inc.*, 15 Cal.4th 951, 974 (1997). This cause of action must meet Rule
9 9(b)'s heightened pleading requirements. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.
10 2009). Rule 9(b) demands that "[a]verments of fraud must be accompanied by 'the who, what, when,
11 where, and how' of the misconduct charged. A plaintiff must set forth more than the neutral facts
12 necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a
13 statement, and why it is false." *Ness v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)
14 (internal quotation marks and citation omitted).

15       In reviewing Velson's FAC, the Court finds that he has stated a claim for fraud. While APL
16 focuses on the fact that Velson rejected the position and is thus unable to establish reliance, this
17 argument fails to consider Velson's fraud claim as a whole. In his FAC, Velson states that he did not
18 accept the position because he did not want to go to Singapore. FAC ¶ 13. He also states that APL
19 knew he would not accept a position if it required extensive travel to Singapore. FAC ¶ 34. Thus,
20 Velson contends that APL formulated a plan for the elimination of the position, and it then offered it
21 to Velson knowing he would not take it. *Id.* In his Opposition, Velson argues that, had he known the
22 position would be short term, he would have accepted it, which would have resulted in his seeking
23 alternative employment with APL or the termination of his employment through layoff after the
24 position had been eliminated, with potential severance benefits. Pl.'s Opp'n at 5. This is supported
25 by the allegations in his FAC, in which he states that employees are precluded from seeking
26 alternative internal positions with APL for at least one year after assignment to a new position, unless
27 the position was designated for elimination. FAC ¶ 18. Thus, accepting Velson's allegations as true,
28

6

he has alleged all five elements of fraud – APL failed to disclose that the offered position would be eliminated, it knew the position would be eliminated, APL intended Velson to reject the position given that it involved travel to Singapore, and Velson rejected the position, resulting in damages. Further, Velson has identified the "who, what, where, when, and why" of the specific misconduct charged. Accordingly, Velson has stated a claim for fraud with sufficient particularity, and APL's motion to dismiss this claim is DENIED.

## CONCLUSION

Based on the analysis above, the Court DENIES APL's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: October 12, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge